LITTLE FALLS ELECTRIC & WATER COMPANY v. CITY OF LITTLE FALLS.

November 14, 1898.

Nos. 10,908—(3).

Municipal Corporation — Contract with Water Co. — Exemption of Waterworks from Taxation—Const. art. 9, §§ 1, 3.

The defendant city made a contract with plaintiff, by which, in consideration of plaintiff's furnishing a certain supply of water for city purposes, it agreed to pay all taxes on plaintiff's waterworks assessed for city purposes. *Held*, that this was in violation of article 9, §§ 1, 3, of the constitution of the state, which provide that all taxes shall be as nearly equal as may be, and all property on which taxes are to be levied shall have a cash valuation, and that laws shall be passed taxing all real and personal property *according to its true value in money.*

Action in the district court for Morrison county. By the sixth cause of action set forth in the complaint plaintiff sought to recover the sum of $106, the amount of taxes for the year 1895, which had been levied and assessed on its waterworks for city purposes alone and which it had paid. From an order, Baxter and Searle, JJ., overruling its demurrer to the complaint, as to the sixth cause of action, defendant appealed. Reversed.

*Calhoun & Bennett* and *E. P. Adams,* for appellant.

The contract is void, since it amounts to exempting the property of plaintiff from all city taxes. Const. art. 9, § 1. This section applies to municipal corporations. Lumsden v. Cross, 10 Wis. 225; Weeks v. City, 10 Wis. 186. A municipality may not contract away

its taxing power, unless expressly authorized. Hallo v. Helmer, 12 Neb. 87. Having no power to exempt from taxation, it cannot commute. City v. Austin, 69 Tex. 180; Altgelt v. City, 81 Tex. 436. A town owning land cannot by grant or stipulation in a conveyance exempt the land from taxation. Mack v. Jones, 21 N. H. 393; State v. Hannibal, 75 Mo. 208. The constitutional provision applies to municipal corporations, and requires all property to be uniformly taxed. City v. Richards, 5 Oh. St. 590; 2 Dillon, Mun. Corp. § 755; 1 Desty, Taxn. 481. A city cannot waive the right to tax. Mayor v. Los Angeles, 49 Cal. 638; City v. St. Charles, 28 La. An. 497; Cartersville v. Mayor, 89 Ga. 689; Whiting v. Town, 88 Va. 905; Nashville v. Wilson, 89 Tenn. 597; 1 Desty, Taxn. 466. See also Augusta v. City, 83 Ga. 734; Primm v. City, 59 Ill. 142; City v. Newport, 92 Ky. 445; Reynolds v. Police, 44 La. An. 863. The exemption as to subsequently paid taxes would not inure to the benefit of the assignees of the contract. Morgan v. Louisiana, 93 U. S. 217; 1 Desty, Taxn. 122. All presumptions are against exemptions, and all doubts must be resolved against the claim. 1 Desty, Taxn. 134, 135. The contract being void, plaintiff cannot recover. The contract is void as an attempt to create a monopoly.

*Lindbergh, Blanchard & Lindbergh,* for respondent.

So far as completed, the contract is the measure of the sum due, and the city is liable. State ex rel. Gas Light Co. v. McCardy, 62 Minn. 509; City v. East, 98 Ill. 415; Lott v. Mayor, 84 Ga. 681; Sykes v. City of St. Cloud, 60 Minn. 442. The contract does not create an exemption, and similar contracts have been supported. Grant v. City, 36 Iowa, 396; Board v. Capital (Ky.) 29 S. W. 855. If there was anything unfair or fraudulent in connection with the contract, defendant should have set it up by answer.

MITCHELL, J.

The question presented by this appeal is as to the validity of another provision of the same ordinance considered in Flynn v. Little Falls E. & W. Co., supra, page 180. The ordinance provided that, in consideration of the use of 12 hydrants for fire protection, and a supply of water for its public buildings, the city should pay all assessments and taxes levied and assessed for city purposes on

the waterworks of the plaintiff.    The plaintiff, having furnished the hydrants and water for the city buildings, and paid the taxes assessed on its waterworks for city purposes in the year 1895, brought this action to recover the amount of the tax from the city. The question is as to the validity of the provisions of the ordinance referred to.    We are of opinion that they are in violation of section 1 of article 9 of the constitution, which provides that

"All taxes to be raised in this state shall be as nearly equal as may be, and all property on which taxes are to be levied shall have a cash valuation";

Also of section 3 of the same article, which provides that

"Laws shall be passed taxing    *    *    *    all real and personal property, according to its true value in money."

Reduced to its final analysis, this provision of the ordinance means that the city will, as a consideration for a certain supply of water for city purposes, exempt plaintiff's waterworks from all taxes and assessments for city purposes; for it can make no difference whether the city levies no tax on the waterworks, or goes through the form of levying the tax, and then refunding it after the plaintiff had paid it.    It seems to us that it ought not to require much argument to prove that this is neither uniformity and equality of taxation, nor taxing property according to its true value in money.    Whether the waterworks are worth $10,000 or $100,000, the city, in lieu of all taxes and assessments, receives the same consideration in either case, no more and no less, viz. a supply of water for its public buildings, and the use of 12 hydrants for fire protection.    This substitute for taxes has no relation to the value of the property in money, and would evidently result in want of uniformity and equality of taxation.

The city had no authority to exempt this property from taxation or to commute the tax by accepting services in lieu of it.    If a municipality can bind itself by any such contract, it would result in bartering away its taxing power.    We may go further, and say that under the constitution the legislature itself could not grant a city authority to make any such contract.    If a city could make

such contracts, it is easy to see how, under the guise of contracts for the performance of some public service, the city council could relieve much private property from a large part of its just share of the burden of taxation for city purposes. The city, having had the benefit of a supply of water for city purposes, is bound to pay its reasonable value, but the plaintiff cannot recover on this void provision of the ordinance.

Order reversed.